UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MILWAUKEE WORLD TRADING LLC,

        Plaintiff,

v.

        Case No. 22-cv-322-pp

MICHAEL KAPSCH,

        Defendant.

---

**ORDER DENYING DEFENDANT'S MOTIONS TO DISMISS CASE WITH PREJUDICE (DKT. NO. 72, 79)**

---

      The defendant has filed his second and third motions to dismiss the plaintiff's third amended complaint. Dkt. Nos. 72, 79. At a hearing on January 31, 2023, the court denied without prejudice the defendant's first motion to dismiss because the defendant had done nothing more than join defendants Chris Dawley and IIGNA's motion to dismiss, without sufficiently addressing the specific allegations against him. Dkt. No. 56 at 3. In a separate order, the court concluded that it had no basis for exercising personal jurisdiction over Dawley and IIGNA, because the plaintiff never alleged that those defendants came into Wisconsin, conducted phone calls with the plaintiff in Wisconsin or communicated in writing with the plaintiff in Wisconsin; the court dismissed Dawley and IIGNA. Dkt. No. 57 at 21.

      The court ordered that by April 14, 2023, the plaintiff must file a second amended complaint naming Michael Kapsch as the only defendant and ordered

1

that by May 4, 2023, the defendant must respond to the second amended complaint in numbered paragraphs that corresponded with the plaintiff's pleading. Dkt. No. 57. On March 21, 2023, the plaintiff filed a second amended complaint and pled a single claim of fraud against the defendant, but named the defendants who had been dismissed. Dkt. No. 58. Meanwhile, on May 4, 2023, the defendant filed an answer that appeared to respond to the amended complaint (Dkt. No. 25) rather than the *second* amended complaint (Dkt. No. 58). Dkt. No. 60. The plaintiff moved for default judgment, dkt. no. 62, and the court was forced to use the August 10, 2023 scheduling conference to straighten out the confusion, dkt. no. 71. During that hearing, the court explained—in detail—the ways in which the defendant could respond to the third amended complaint. Id. at 4. The court explained that the defendant must file *either* an answer *or* a motion to dismiss, and explained in detail what each of those pleadings would look like. Id. at 3-4.

On July 5, 2023, the parties filed separate Rule 26(f) plans. Dkt. Nos. 65, 66. The plaintiff filed his third amended complaint on August 10, 2023. Dkt. No. 68. Despite the court's August 10, 2023 instructions that the defendant must file *either* an answer *or* a motion to dismiss, the defendant responded with a document titled "Defendant's Answer to Plaintiff's Third Amended Complaint & Motion to Dismiss Plaintiff's Case With Prejudice." Dkt. No. 72. As the court pointed out in its order dated September 18, 2023, it had instructed the defendant to *either* file an answer *or* file a motion to dismiss. Dkt. No. 74 at 1. The document that the defendant filed contained numbered paragraphs but

2

those numbered paragraphs did not correspond to the paragraphs in the third amended complaint. Id. at 2. The court construed the defendant's filing as a motion to dismiss and explained that if the court denied the motion, the next step would be for the defendant to file an answer to the third amended complaint that either admitted or denied the allegations of each separately numbered paragraph. Fed. R. Civ. P. 8(b).

On October 16, 2023, the defendant filed a third motion to dismiss the case with prejudice. Dkt. No. 79. In the months since, the defendant has not filed a reply brief in support of his *second* motion to dismiss and the plaintiff has not filed a brief in opposition to the defendant's third motion to dismiss. The court will deny both motions. The defendant must file his answer within twenty-one days of receipt of this order and the parties will need to update their Rule 26(f) reports.

**I.    Motions to Dismiss**

    A.    Legal Standard

Because in his second motion to dismiss the defendant argues that the plaintiff has no information constituting grounds for his claims, the court assumes that he is moving to dismiss under Rule 12(b)(6), which allows a defendant to move for dismissal for "failure to state a claim upon which relief can be granted." When considering a motion under Rule 12(b)(6), the court considers the sufficiency of the complaint rather than the merits. Fed. R. Civ. P. 12(b)(6); Hosea v. Slaughter, 669 F. App'x 791, 792 (2016); Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). The court takes the complaint's

3

Case 2:22-cv-00322-PP    Filed 07/15/24    Page 3 of 12    Document 81

factual allegations as true and draws every factual inference in the plaintiff's favor. Kahn v. Walmart, Case No. 23-1751, 2024 WL 3282097, *3 (7th Cir. July 3, 2024) (citing WalmarBoogaard v. Nat'l Hockey League, 891 F.3d 289, 290–91 (7th Cir. 2018)). A plaintiff need only show that the claim is "plausible on its face" and that, if the allegations are true, the plaintiff is entitled to relief. Roldan v. Stroud, 52 F.4th 335, 339 (7th Cir. 2022) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A complaint alleging more than a sheer possibility survives a motion to dismiss "even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." Kahn, 2024 WL 4382097, at *3 (quoting Twombly, 550 U.S. at 556).

Because the third amended complaint sounds in fraud, Rule 9(b) requires that it must "state with particularity the circumstances constituting fraud." The precise level of particularity required under Rule 9(b) depends on the facts of the case, but the rule "ordinarily requires describing the who, what, when, where, and how of the fraud." AnchorBank, FSB v. Hofer, 649 F.3d 610, 615 (7th Cir. 2011) (internal quotations omitted). Even so, Rule 9(b) allows malice, intent, knowledge, and other conditions of a person's mind to be alleged "generally." Kahn, 2024 WL 3282097, at *3.

  B. <u>Defendant's Answer and Motion to Dismiss Third Amended Complaint</u> (Dkt. No. 72)

In his second motion to dismiss, the defendant asks the court to "take into consideration the context of all the history of the case" and reach "the same conclusion as prior Defendants successfully argued." Dkt. No. 72 at 5. He

4

disputes the allegations, labels the plaintiff's style of attack against him as an absurdity and suggests that the plaintiff's allegations are "fantasized." Id. at 2, 3. He suggests that paragraphs 14, 15 and 16 of the third amended complaint lack foundation. Id. at 3.

The plaintiff responds that he has accurately pled fraud by including the alleged fraudulent statements made by the defendant, the dates and whether they were made in writing, in person or over phone calls. Dkt. No. 73 at 5. He claims that he has sufficiently pled the elements of fraud and an intentional misrepresentation claim. Id. at 9. The plaintiff asserts that the court has personal jurisdiction over the defendant under Wis. Stat. §801.05(3) because the defendant met with the plaintiff in Kenosha, Wisconsin, and the defendant has not claimed that his due process rights would be violated by the exercise of personal jurisdiction. Id. Although the plaintiff has attached a declaration and exhibits in support of his response, the court does not consider such documents on a motion to dismiss. Financial Fiduciaries, LLC v. Gannett Co., Inc., 46 F.4th 654, 663 (7th Cir. 2022) ("Ordinarily, when adjudicating a motion to dismiss under Rule 12(b)(6), a district court is limited to the allegations in the complaint. *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). If a court considers 'matters outside the pleadings,' the 'motion must be treated as one for summary judgment.' Fed. R. Civ. P. 12(d).")

The court's September 18, 2024 order stated that because the plaintiff had responded to the defendant's second motion to dismiss, the defendant

5

could file a reply brief in support of his motion, but was not required to do so. Dkt. No. 74 at 4. The defendant did not file a reply.

  C. <u>Defendant's Third Motion to Dismiss</u> (Dkt. No. 79)

The defendant's third motion to dismiss references the "fact and argument scenarios provided by Counsel Robert W. Scheef as submitted on June 21, 2022." Dkt. No. 79 at 1. The defendant says that he "affirms and endorses as a true summary of facts, all of the testimony provided to the court by the IIGNA Defendants and their predecessors." <u>Id.</u> at 2. He believes that the "collective testimonies" establish the "necessary threshold criteria to justify dismissal of Plaintiff's residual case." <u>Id.</u> The defendant asks the court to impose sanctions for the plaintiff's "continuing pattern of improper conduct." <u>Id.</u> at 3. The plaintiff did not respond to the defendant's third motion to dismiss.

  D. <u>Analysis</u>

The court previously has explained to the defendant that it is not enough for him to simply adopt arguments made by another defendant where the facts alleged differ as to each defendant. Dkt. No. 56 at 3. On a motion to dismiss, the defendant must explain to the court why the allegations against *him* are insufficient. The defendant asks this court to "come to the same conclusion as prior Defendants successfully argued," dkt. no. 72 at 5, and relies on the "fact and argument scenarios provided by" his former codefendants' counsel, dkt. no. 79 at 1. He asks the court to rule for "the reasons defined and elaborated upon in IIGNA Defendants' referenced brief." Dkt. No. 79 at 3. These arguments

6

Case 2:22-cv-00322-PP   Filed 07/15/24   Page 6 of 12   Document 81

ignore ethe fact that the plaintiff always has maintained that the allegedly fraudulent or misleading statements were made by the *defendant personally* (albeit on behalf of the others). The court dismissed the other defendants for lack of personal jurisdiction, concluding that the codefendants did not act in Wisconsin and that there were no allegations to support a theory that the defendant was acting on their behalf.

Because the defendant did not specify the basis for his motion, in his opposition brief, the plaintiff addressed both personal jurisdiction and the sufficiency of the claim. That said, the defendant does not appear to challenge personal jurisdiction. He said nothing in either motion about his contacts with Wisconsin and did not respond to the allegations in the third amended complaint regarding personal jurisdiction. The defendant did not even file a reply brief refuting the plaintiff's assertions that the defendant had established personal jurisdiction by traveling to Kenosha, Wisconsin to solicit the plaintiff's business. Dkt. No. 68 at ¶4.

Assuming for the sake of argument that the defendant meant to raise personal jurisdiction under Rule 12(b)(2) in his motion to dismiss, the court must accept "as true all well-pleaded facts alleged in the complaint," Felland v. Clifton, 682 F.3d 665, 672 (7th Cir. 2012), and "read the complaint liberally with every inference drawn in favor of [the] plaintiff." GCIU-Emp. Ret. Fund v. Goldfarb Corp., 565 F.3d 1018, 1020 n.1 (7th Cir. 2009). The court can consider extrinsic evidence in deciding the issue of personal jurisdiction but, where the court rules on the motion without an evidentiary hearing, "the

7

plaintiff bears only the burden of making a *prima facie* case for personal jurisdiction." Curry v. Revolution Lab'ys, LLC, 949 F.3d 385, 392 (7th Cir. 2020)

As the court previously has explained, it looks to law of the forum state in which it sits to determine the limits of its personal jurisdiction. Adv. Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc., 751 F.3d 796, 800 (7th Cir. 2014); see also Felland, 682 F.3d at 672. In Wisconsin, the court first determines whether any of the criteria for personal jurisdiction under Wisconsin's long-arm statute are satisfied. U.S. Venture Inc. v. McCormick Transp. LLC, Case No. 15-cv-990, 2015 WL 6694031, *2-3 (E.D. Wis. 2015) (citations omitted). If the requirements of the long-arm statute are satisfied, the court must consider whether the exercise of jurisdiction over the defendant is consistent with due process. Id. at *2-3.

The court begins with Wisconsin's long-arm statute, Wis. Stat. §801.05. The plaintiff has alleged that there was a local act or omission under §801.05(3) because the defendant "physically entered the state of Wisconsin for meetings in Kenosha to solicit the plaintiff to engage in the actions listed in this complaint and to engage in the business that the fraudulent statements listed in this complaint are associated with." Dkt. No. 68 at ¶4. At paragraph 6 of the third amended complaint, the plaintiff adds that in July and August of 2019, in Kenosha, Wisconsin, the plaintiff transferred $600,000 "for the purposes of an investment described by [the defendant] as real and solid." Id. at ¶6. The defendant has not denied travelling to Wisconsin to meet with the plaintiff—a

8

Case 2:22-cv-00322-PP    Filed 07/15/24    Page 8 of 12    Document 81

Wisconsin resident—regarding the business transaction at issue and has not argued that he lacks sufficient contacts with this state. The defendant has proffered no evidence to refute the alleged basis for the exercise of personal jurisdiction. The Seventh Circuit has concluded that defendants' allegedly misleading communications, directed to Wisconsin residents, created sufficient minimum contacts with Wisconsin where they were "part of the wrongful conduct that forms the basis of the claim." Felland, 682 F.3d at 678–79. Drawing all reasonable inferences in favor of the plaintiff, the plaintiff has made a *prima facie* case for the exercise of personal jurisdiction.

Again, the court is assuming that the defendant means to argue that the plaintiff has failed to state a claim. The plaintiff, who is an attorney, pled a single count against the defendant, labeled "fraud." Dkt. No. 68 at 5. In his brief, the plaintiff argues that he also has stated an intentional misrepresentation claim. The Wisconsin Court of Appeals has explained that

> [t]o show intentional misrepresentation—i.e., "common-law fraud"— a plaintiff is required to prove five elements by the greater weight of the credible evidence:
>
> > (1) the defendant made a factual representation; (2) which was untrue; (3) the defendant either made the representation knowing it was untrue or made it recklessly without caring whether it was true or false; (4) the defendant made the representation with intent to defraud and to induce another to act upon it; and (5) the plaintiff believed the statement to be true and relied on it to his/her detriment.

Siegfried v. Torgerson, Appeal No. 2020AP841, 2022 WL 2046261, at *7 (Wis. Ct. App. June 7, 2022) (citing Kaloti Enters., Inc. v. Kellogg Sales Co., 283 Wis. 2d 555, 569 (Wis. 2005). "Reckless" representations in the third element are

those "made by a person who knows that he or she has no sufficient basis of information to justify them." WIS JI—CIVIL 2401 (2018).

The plaintiff identified specific statements allegedly made by the defendant to the plaintiff over the phone on June 17, 2021 and by text on June 18, July 22, December 15 and December 19, 2021. Dkt. No. 68 at ¶¶12-14, 17-19. The plaintiff has explained that none of these statements were true because there was no project that the other defendants were working on, no group with funding capacity, no existing relationship with Barclays and no intent to finance the plaintiff's project. Id. at ¶20. According to the plaintiff, the defendant made these statements so "as to instill reliance on the part of the plaintiff." Id. at ¶16. He alleges that the statements were fraudulent and that the defendant made the statements to get plaintiff to put "skin in the game." Id. at ¶22. The plaintiff has alleged that he relied on the defendant's statements and lost compensation "in excess of 40 million dollars," with $900,000 being out of pocket. Id. at ¶25. The plaintiff asserts that he had no knowledge of the falsity of these statements and had a right to rely on them. Id. at ¶27.

The plaintiff's allegations present more than a "sheer possibility that the conduct is unlawful" and on a motion to dismiss, this court cannot consider whether actual proof of those facts is improbable. Kahn, 2024 WL 3282097 at *3. The court finds that the plaintiff has pled the who, what, when, where and how of the alleged fraud, and will deny both of the defendant's motions to dismiss.

## II. Conclusion

The court **DENIES** the defendant's motion to dismiss. Dkt. No. 72.

The court **DENIES** the defendant's motion to dismiss. Dkt. No. 79.

The court **ORDERS** that by the end of the day on **August 16, 2024**, the defendant must file an answer to the third amended complaint. The defendant must file his answer in time for the court to *receive* it by day's end on August 16, 2024. For each separately numbered paragraph in the third amended complaint, the defendant must provide a correspondingly numbered paragraph in which he either admits the allegation, denies the allegation or states that he lacks sufficient knowledge to form a belief about the truth of the allegation. Fed. R. Civ. P. 8(b)(1)-(5). The court will deem admitted any allegation to which the defendant does not respond. Fed. R. Civ. P. 8(b)(6). With this order, the court is providing the defendant with the language in Federal Rule of Civil Procedure 8(b) for assistance in drafting his answer.

The court **ORDERS** that by the end of the day on **September 6, 2024**, the parties must file an updated joint Rule 26(f) report with new proposed deadlines.

Dated in Milwaukee, Wisconsin this 15th day of July, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

Rule 8. General Rules of Pleading

...

(b) Defenses; Admissions and Denials.
    (1) In General. In responding to a pleading, a party must:
        (A) state in short and plain terms its defenses to each claim asserted against it; and
        (B) admit or deny the allegations asserted against it by an opposing party.
    (2) Denials--Responding to the Substance. A denial must fairly respond to the substance of the allegation.
    (3) General and Specific Denials. A party that intends in good faith to deny all the allegations of a pleading--including the jurisdictional grounds--may do so by a general denial. A party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted.
    (4) Denying Part of an Allegation. A party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest.
    (5) Lacking Knowledge or Information. A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial.
    (6) Effect of Failing to Deny. An allegation--other than one relating to the amount of damages--is admitted if a responsive pleading is required and the allegation is not denied. If a responsive pleading is not required, an allegation is considered denied or avoided.