UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MILWAUKEE WORLD TRADING, LLC,

       Plaintiff,

  v.

MICHAEL KAPSCH,
CHRIS DAWLEY and IIGNA,

       Defendants.

Case No. 22-cv-322-pp

---

**ORDER GRANTING DEFENDANTS DAWLEY AND IIGNA'S APPLICATION FOR ATTORNEYS' FEES AND COSTS (DKT. NO. 59)**

---

On March 16, 2023, the court granted defendants Chris Dawley and IIGNA's (collectively, the IIGNA defendants) motion for Rule 11 sanctions against the plaintiff's attorney and sole member, Emmanuel Mamalakis. Dkt. No. 57. The court ordered the IIGNA defendants to file an affidavit of reasonable attorneys' fees and costs incurred by filing the motion for sanctions and the motion to dismiss the amended complaint by April 7, 2023. Id. at 45. The court stated that the plaintiff could file a response to the affidavit by April 21, 2023. Id. On April 7, 2023, the IIGNA defendants filed their application for fees and costs and supporting documentation. Dkt. No. 59. The plaintiff did not file a response. The court will award the IIGNA defendants $245,910.32 in attorneys' fees and costs.

1

## I. Application for Fees and Costs (Dkt. No. 59)

The IIGNA defendants request attorneys' fees and costs totaling $307,673.32 for the work associated with the motion for sanctions and the motion to dismiss the amended complaint. Dkt. No. 59 at 2. They state that they have carefully reviewed counsels' invoices to ensure that no work unrelated to those motions is included in the claimed fees. Id. at 5–6. They argue that the fee Attorney Robert Scheef charged is reasonable given the complex scope of this case and his experience in such "bet-the-company" cases. Id. at 6–7. The IIGNA defendants state that they also retained Attorney Mark Maciolek, who has extensive experience in Wisconsin state and federal courts, as local counsel. Id. at 7. The IIGNA defendants argue that the legal fees and costs claimed are "reasonable and typical litigation costs" which the court has already ordered are recoverable. Id. at 7. They further request that the court award them legal fees and costs associated with the application for fees, which they stated would be submitted with their reply to any opposition brief. Id.

The IIGNA defendants attached declarations from Attorneys Scheef and Maciolek, along with their invoices. Attorney Scheef, a principal at McKool Smith, states that he billed his time at $1,200 per hour, associates Emily Tate and Matthew Folks billed their time at $640 per hour and associate Helena Man billed her time at $500 per hour; he states that these were the firm's standard hourly rates in 2022. Dkt. No. 59-1 at ¶¶1, 4–5. Attorney Scheef asserts that these rates are comparable for other large law firms in New York

2

that handle complex litigation, supported by a report of agreed hourly billing rates for New York litigation attorneys in 2022. Id. at ¶¶6–7. Attorney Scheef states that his firm expended 139.7 hours on the motion for sanctions and 161.0 hours on the motion to dismiss the amended complaint. Id. at ¶10. He states that the total fees and costs incurred by McKool Smith on the motions were $302,051.53. Id. at ¶13.

Attorney Maciolek, a shareholder at Murphy Desmond, states that he billed his time at $300 per hour, which was his standard hourly rate in 2023. Dkt. No. 59-2 at ¶¶1, 5. Attorney Maciolek states that this is a reasonable rate for attorneys in the Wisconsin market. Id. at ¶6. He says that he expended 18.4 hours on work related to the motion for sanctions. Id. at ¶8. He also seeks costs related to travel to the courthouse in Milwaukee to argue the motions. Id. at ¶9. He states that the total fees and costs he incurred related to the motions were $5,621.79. Id. at ¶10.

## II.  Legal Standard

When granting a motion for sanctions under Rule 11, "the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." Federal Rule of Civil Procedure 11(c)(2). The sanction "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated" and if "warranted for effective deterrence," may include "part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4).

3

"Although there is no precise formula for determining a reasonable fee, the district court generally begins by calculating the lodestar—the attorney's reasonable hourly rate multiplied by the number of hours reasonably expended." Schlacher v. Law Offices of Phillip J. Rotche & Assocs., P.C., 574 F.3d 852, 856 (7th Cir. 2009). "A reasonable hourly rate is the local market rate for the attorney's services." Eagle F. v. Phyllis Schlafly's Am. Eagles, 498 F. Supp. 3d 1024, 1047 (S.D. Ill. 2020). "The best evidence of an attorney's market rate is his or her actual billing rate for similar work." Id. (citing Pickett v. Sheridan Health Care Ctr., 664 F.3d 632, 639-40 (7th Cir. 2011)). A court otherwise may rely on "evidence of rates charged by similarly experienced attorneys in the community for similar work and evidence of fee awards the attorney has received in similar cases." Id. (citing Johnson v. GDF, Inc., 668 F.3d 927, 933 (7th Cir. 2012)).

### III. Analysis

The IIGNA defendants' claimed hourly rates are reasonable. The declarations from Attorney Scheef and Attorney Maciolek state their actual billing rates for this case and for similar work. Attorney Scheef supported the reasonableness of his rate with a report on the average fees in the New York legal market in 2022. Dkt. No. 59-1 at 5–6. Attorney Maciolek did not submit outside evidence of the reasonableness of his rate, but courts in this district have approved rates higher than $300 an hour for the Milwaukee legal market. See McCabe v. Tire Web, LLC, Case No. 23-cv-459-pp, 2024 WL 5238261, at *3 (E.D. Wis. Dec. 26, 2024) (rate of $750 an hour was reasonable); Ellis v.

4

Whitewater Auto, Inc., 662 F. Supp. 3d 971, 977–78 (E.D. Wis. 2023) (rate of $400 an hour was reasonable).

"Once an attorney provides evidence of his billing rate, the burden is upon the [plaintiff] to present evidence establishing 'a good reason why a lower rate is essential.'" People Who Care v. Rockford Bd. of Educ., School Dist. No. 205, 90 F.3d 1307, 1313 (7th Cir. 1996) (quoting Gusman v. Unisys Corp., 986 F.2d 1146, 1151 (7th Cir. 1993)). "A [plaintiff's] failure to do so is essentially a concession that the attorney's billing rate is reasonable and should be awarded." Id. Because counsel presented evidence of their billing rates and their reasonableness and because the plaintiff did not file any opposition, the court finds that the claimed hourly rates are reasonable rates for McKool Smith's and Attorney Maciolek's work.

The court next must determine whether the IIGNA defendants' attorneys expended a reasonable number of hours on this case. Attorney Scheef states that McKool Smith expended a total of 300.7 hours on the motions while Attorney Maciolek expended 18.4 hours. While the court finds surprising the large number of hours McKool Smith expended on the two motions, the plaintiff did not file any opposition to the defendants' fee petition and so has presented no evidence that the hours expended were not reasonable. In the absence of any opposition, the court finds that the hours expended on the motions are reasonable.

The court will not, however, award the IIGNA defendants the full $302,051.53 in fees and costs requested. That is because that amount includes

5

work expended on the Rule 11 letter and the motion to supplement the record. See Dkt. No. 59-1 at ¶¶10, 13. The court did not award the IIGNA defendants' sanctions for those tasks, as they concede in their motion. The court will award the IIGNA defendants $237,969 in attorneys' fees for McKool Smith's work and $5,520 in attorneys' fees for Attorney Maciolek's work because those amounts represent the work performed on the motion for sanctions and motion to dismiss the amended complaint.

The IIGNA defendants also seek costs associated with the motions. Attorney Scheef asserts that his firm incurred $2,319.53 in legal research costs. Dkt. No. 59-1 at ¶12. Attorney Maciolek seeks $101.79 in costs associated with traveling to the courthouse to argue the motions. Dkt. No. 59-2 at ¶9. Because the plaintiff has not challenged these amounts and they are reasonably related to the two motions, the court will award the IIGNA defendants $2,421.32 in costs.

The IIGNA defendants asked to file a further affidavit of costs associated with filing the attorneys' fee petition. But the court did not include fees associated with the fee petition in its award of sanctions. The IIGNA defendants did not need to file a reply brief or argue the fee petition to the court because it is unopposed. The IIGNA defendants are recovering a total of $245,910.32 in attorneys' fees and costs. That is more than sufficient to serve the deterrent purposes of Rule 11 and to fairly compensate the IIGNA defendants for the work expended on the motion for sanctions and motion to dismiss the

amended complaint. The court will not award the IIGNA defendants further attorneys' fees and costs related to filing the fee petition.

IV. **Conclusion**

The court **AWARDS** $245,910.32 in attorneys' fees and costs from the plaintiff to defendants Chris Dawley and IIGNA.

Dated in Milwaukee, Wisconsin this 18th day of November, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**